[Civ. No. 18262.   Second Dist., Div. Three.   Nov. 7, 1951.]

CAROLYN EDDLEMAN, Respondent, v. HAROLD R. DEAVEL et al., Appellants.

L. U. Everhart and Edward P. Hart for Appellants.

Frank L. Stearns for Respondent.

SHINN, P. J.—This is an action brought by plaintiff vendor to terminate the rights of defendants Deavel in and to a residential property in South Pasadena, and to quiet title to the same. The theory of the action is that defendants defaulted under their contract to purchase the property. The sequence of events alleged in the complaint is the following: On March 1, 1947, defendants agreed to buy the property for $7,500, payable $60 down and $60 per month commencing April 1, 1947, which payments would include interest at the rate of 5 per cent per annum, payable monthly; on November 30, 1948, defendants were in default and were given notice demanding payment of the arrearage within five days; on July 6, 1949, defendants were notified that because of their default their rights under the contract were terminated; that $60 per month is the reasonable rental value of the premises; that defendants have remained in possession to plaintiff's damage in the sum of $500. Defendants answered, alleging that plaintiff had waived strict performance by accepting payments after their due dates, that on December 6, 1948, defendants tendered the total amount of the accrued payments on the contract, the tender was refused, they later repeatedly offered to make all delinquent payments on account of the unpaid balance, which offers were refused and defendants, with the knowledge and consent of plaintiff, had paid taxes for the

years 1948, 1949 and 1950. Defendants made no tender of any sum at the time they answered, nor later. They sought no affirmative relief but prayed only that plaintiff be awarded none. Plaintiff was given judgment terminating the contract and quieting her title. Defendants appeal.

The ground of appeal as stated in the brief of defendants is the following: "The decree rendered, upon the undisputed facts; is contrary to the law of this jurisdiction." The evidence disclosed that for two years defendants had been occupying the premises as plaintiff's tenants at a rental of $55 per month. There was undisputed evidence that the rental value was $60 per month. On March 1, 1947, defendants agreed to purchase the property on the terms above stated. They made the 15 payments that fell due between May 1, 1947 and July 1, 1948, inclusive. The April and May, 1948, payments were not made until May 13th and 25th; the June and July payments were not made until July 12th. In only four instances were payments made on or before the first day of the month. Plaintiff did not object to these delinquencies. Early in October Mr. Deavel wrote plaintiff, who was in the hospital, that they would get caught up in their payments in a short time. On November 30, 1948, plaintiff's attorney wrote defendants that it appeared they did not intend to carry out their contract and that he was authorized to take legal action "unless definite arrangements made within five (5) days from date hereof." On December 4th plaintiff's attorney told Mr. Deavel that all his client wanted was to have the payments brought up to date; that he would talk with her and call back. He did not call. On December 6th Mr. Deavel mailed a cashier's check for $300 to plaintiff's attorney. Shortly thereafter the latter wrote defendants stating that their offer was not acceptable and demanding "payment in full plus costs and attorney's fees on or before December 11, 1948." The $300 cashier's check was returned to defendants. Defendants deposited $300 for the opening of an escrow and on December 14th their attorney wrote plaintiff's counsel stating that an escrow had been opened with the bank, and $300 had been deposited with instructions that upon receiving a grant deed for the property from plaintiff, with policy of title insurance, the remaining unpaid purchase price "shall be deposited in said escrow to the credit of Carolyn E. Eddleman." Receiving no reply, defendants withdrew the $300 from the escrow. On July 5, 1949, defendants were served

with a written notice of default and demand for possession and $1,740 claimed as rent for the property. This was answered by letter of defendants' attorney which stated, in part: "Although you have heretofore refused to accept the tender of the delinquent payments we are again offering to reinstate the contract and to pay all of the delinquent payments which may now be due under the contract. If you choose to refuse our offered payment, at this time, we shall be compelled to litigate the matter." The present action was filed November 2, 1949.

The agreement provided that in case of buyer's default in any payment when due, or failure to comply with the conditions, covenants and agreements stated, the amounts already paid might be retained by the seller as consideration to the seller for making the agreement, and the seller would be released from all further obligation under the agreement. ▇ Defendants say that under such an agreement where strict performance as to time has been waived by the vendor, the vendee is entitled to notice reinstating the requirement for strict performance and allowing a reasonable time for compliance, before he will be considered in default. (*Retsloff* v. *Smith*, 79 Cal.App. 443 [249 P. 886].) This is a familiar and well established rule with respect to such contracts. Plaintiff does not question it. She says only that she was not required to accept the $300 tendered in December of 1948, and that defendants have been in default ever since that time.

As previously mentioned, the answer of defendants was not accompanied by a tender of the sums then due, nor did they seek specific performance of the agreement. They did not make a tender at the trial, but relied on tenders previously made. They did, however, insist that they had a right to make the delinquent payments and they asked the court to extend them that right rather than to declare their interest in the property forfeited; but they did not offer evidence as to their ability to pay what was due.

▇ In view of the temporary waiver by plaintiff of strict performance in making the payments as they fell due, and the letter of her attorney under date of November 30, 1948, it was unquestionably the duty of plaintiff to accept the sum of $300 which was the amount of delinquencies at that time. Her response to the tender was a demand for payment in full, which presumably was a demand for the unpaid balance of the purchase price. The agreement did not contain any provision giving the vendor the right upon the vendees' default to de-

clare immediately due the unpaid balance of the purchase price. The demand for payment in full was an additional refusal by plaintiff to comply with the terms of the agreement. Plaintiff's notice of default, dated July 5, 1949, evidenced plaintiff's continued unwillingness to accept any further payments on account of the purchase price. ■ Defendants' reply of July 8, 1949, was a sufficient tender of the amounts due up to that date. They were not required to make further tenders. (Civ. Code, § 1515.)

■ Upon the undisputed facts and under applicable principles of law, the decree should have allowed defendants a time to be fixed by the court within which to bring their payments to date. In the event of their failure to pay the sum due, plaintiff's title should be quieted. In view of the large amount owing by defendants, they should be required to deposit in court the sum of $120 and should thereupon be granted 60 days within which to pay the balance of the sum found due.

■ It is to be noted that plaintiff not only sued for possession, but also for the value of the use and occupation of the premises and damages for their retention, and that the court refused to allow her a judgment for money, although there was a trial of that issue. The rental value of the property was shown to be $60 per month, equal to the accrued payments which, including October, 1951, amount to $2,340. In view of the failure of defendants to deposit any money in court, and the absence of evidence of their ability to pay, plaintiff should not be deprived of a judgment for the value of the use and occupation of the premises in the event defendants are unable or unwilling to pay the amount due as hereinafter stated. Their offers to pay, unless made good, do not justify their depriving plaintiff of possession for more than three years without compensation.

The judgment is modified to read as follows: The agreement described in the complaint will be in full force and effect and binding upon the parties, provided, within five days after notice of the filing of this judgment, defendants pay into court for plaintiff $120, and within 60 days thereafter the sum of $2,340; if defendants fail to pay either of said sums within the times specified, a further decree will be entered declaring terminated the rights of defendants under the agreement and quieting plaintiff's title to the property; provided, further, that instead of presently accepting a decree quieting her title plaintiff may, if she so elects, have the action set for trial and

prosecute her demand for damages and the value of the use and occupation of the premises since August 1, 1948, as well as her demand that her title be quieted.

Wood (Parker), J., and Vallée, J., concurred.